UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Irina COLLIER and for her son,<br><br>Plaintiffs,<br><br>v.<br><br>Charles COLLIER, Martha Collier, and Carter Garber,<br><br>Defendants. | Case No.: 23-cv-1029-AGS-KSC<br><br>**AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF 2), DISMISSING THE CASE WITH PREJUDICE, AND DENYING AS MOOT MOTIONS FOR ATTORNEY APPOINTMENT AND TRANSFER TO AN MDL PANEL (ECF 3 & 4)** |

"Plaintiff [Irina Collier] and her claims are not new to the court system." *Collier v. Collier*, No. 23-CV-00170-DMS-DDL, 2023 WL 1767012, at *1 (S.D. Cal. Feb. 3, 2023). Like this case, the "crux of plaintiff's claims in the federal court system appear to stem from two family law matters in California state court." *Id.* Plaintiff, having lost her previous attempts, has now once again filed functionally the same lawsuit. (*See generally* ECF 1.) In support of that effort, she moves to proceed in forma pauperis. She qualifies to proceed without paying the initial filing fee, but her complaint must be dismissed as frivolous and duplicative of past failed attempts.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Typically, parties instituting a civil action in a United States district court must pay filing fees of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

1

Plaintiff asserts that she owns no assets, has a negative bank account balance, and must pay "$5,800 or more" in monthly expenses. (ECF 2, at 5.) Her only income is "$6,640" in alimony, but her spouse does "not consistently" pay. (*Id.* at 3.) The Court finds that plaintiff has sufficiently shown an inability to pay the initial fees. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP.").

## 28 U.S.C. § 1915(e) SCREENING

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Also, "IFP complaints which are duplicative or repetitious litigation of virtually identical causes of action are subject to dismissal." *Collier*, 2023 WL 1767012, at *3 (cleaned up). "In assessing whether the second action is duplicative of the first, courts examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* (cleaned up).

In February 2023, this Court documented Collier's history of extensive litigation here, the Northern District of California, the Ninth Circuit, and the Federal Circuit. *See id.* at *1–2 (setting out that history). The Court dismissed her claims because they were "duplicative" with her "previous lawsuits" and "frivolous" because the "facts in the Complaint" did not support her claims and "the legal conclusions Plaintiff asks the Court to reach are not viable." *Id.* at *3. In particular, the Court concluded that Collier ran afoul of the *Rooker-Feldman* doctrine, which forbids attempts to functionally appeal alleged "legal errors by a state court" to a federal district court. *Id.* Although Collier filed an appeal, the Ninth Circuit dismissed it "for failure to prosecute." *See Collier v. Collier*, No. 23-55126, slip op. at 1 (9th Cir. Apr. 10, 2023).

Undeterred, Collier filed—and had dismissed—yet more cases generally arising out of the same family-court issues. *See generally* Case Nos. 23-cv-0368-GPC-BGS; 23-cv-0385-RSH-MDD; 23-cv-0678-RSH-DEB. Then, she filed this case, in which she seeks to

enforce and receive damages based on the "DVRO [California Domestic Violence Restraining Order] statute," "[p]rompt divorce and division of [assets] secreted for over 25 years of this plaintiff's marriage to Charles Collier," and "punitive relief" for his alleged failure to pay "alimony and child support."[2] (ECF 1, at 3.) But as the Northern District of California has already explained to Collier, "California family-law matters are within the purview of the state court, such that federal courts do not have jurisdiction." *Collier v. President of Stanford*, No. 4:22-cv-05375-KAW, slip op. at 2 (N.D. Cal. Sep. 30, 2022) *report and recommendation adopted by Collier v. President of Stanford*, No. 4:22-cv-05375-KAW, slip op. at 1 (N.D. Cal. Jan. 19, 2023). And to the extent she is attempting to relitigate her custody arrangement or other orders in those cases, this Court is barred from doing so by the *Rooker-Feldman* doctrine. *See Collier*, 2023 WL 1767012, at *3 (explaining the *Rooker-Feldman* doctrine to plaintiff).

But even more to the point, back in February 2023 this Court already concluded that her DVRO-based claims were duplicative of even earlier cases. *See id.* And in the same case as the February 2023 Order, Collier made DVRO-based claims against the same defendants she's suing here. (*See* 23-cv-0170-DMS-DDL, ECF 1, at 1 ("Charles Wade Collier", "Martha Collier," and "Garber").) So if the DVRO claims were duplicative back in February 2023, before both that case and the raft of cases that came after, they're doubly so now.

Thus, like her other cases, this case is subject to screening for being duplicative and a meritless attempt to undermine state-court orders and family-law jurisdiction.

---

[2] She also claims to seek service from a United States marshal and transfer of this and all her previous cases to an MDL panel as forms of relief. (*See* ECF 1, at 2.) But those are court actions available by rule or motion, not remedies from the defendants. *See* Fed. R. Civ. P. 4(c)(3) (authorizing the Court to "order service be made by a United States marshal," especially for those "authorized to proceed in forma pauperis"); 28 U.S.C. § 1407 (discussing the procedure for case transfers to multidistrict litigation panels).

# CONCLUSION

Plaintiff's case is dismissed with prejudice. *See Collier*, 2023 WL 1767012, at *4 (screening her last attempt at the same litigation "with prejudice, and without leave to amend"). Plaintiff is warned that if she makes any further duplicative filings in this court, she may be deemed a malicious filer. If so, the court could institute a prefiling bar requiring her to seek permission before she can file any further lawsuits. Her other pending motions—seeking appointment of counsel (ECF 3) and transfer to a multidistrict litigation panel (ECF 4)—are denied as moot.

Dated:  June 8, 2023

Andrew G. Schopler
United States District Judge